IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

IN RE:
CHRISTOPHER GAYLOR,
And LAURA GAYLOR,

    Debtors,

CHRISTOPHER GAYLOR,
And LAURA GAYLOR,

    Plaintiffs,

v.

IMPACT RTO TENNESSEE, LLC
D/B/A RENT-A-CENTER,
EDMISTEN & WEBB LAW,
RENT-A-CENTER FRANCHISING
INTERNATIONAL, INC.,

    Defendants.

Case Number
19-82701-CRJ-13

Adversary Proceeding No:
19-80093-CRJ

## MOTION TO APPROVE COMPROMISE AND SETTLEMENT AND APPLICATION FOR APPROVAL OF ATTORNEY FEES

Comes Now, Christopher and Laura Gaylor (the "Debtors") with Impact RTO Tennessee LLC d/b/a Rent-A-Center and Edmisten and Webb Law (together with the Debtors, the "Movants") and hereby move this Court pursuant to 11 U.S.C. § 105 and Rule 9019 of the Federal Rules of Bankruptcy Procedure for the entry of an Order approving the compromise and settlement described herein. In support of the Joint Motion to Approve Compromise, Movants show unto the court as follows.

### JURISDICTION AND PROPOSED NOTICE

1. The Motion is being brought pursuant to 11 U.S.C. § 105 and Rule 9019(a) of the Bankruptcy Rules.
2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

1

Case 19-80093-CRJ    Doc 44    Filed 03/17/20    Entered 03/17/20 16:43:55    Desc Main
Document      Page 1 of 7

3. In accordance with Bankruptcy Rules 9019(a) and 2002, the Motion is being served on all parties-in-interest and all parties filing an appearance notice.

## FACTUAL BACKGROUND

4. This adversary proceeding arises from the Gaylors' allegations that Impact RTO Tennessee LLC d/b/a Rent-A-Center and Edmisten and Webb Law violated the automatic stay imposed by 11 U.S.C. § 362.

5. In this adversary proceeding, the Gaylors allege that Impact RTO Tennessee LLC d/b/a Rent-A-Center and Edmisten and Webb Law violated the Automatic Stay by contacting the Gaylors by letter in attempt to collect a prepetition debt after the bankruptcy was filed.

6. Impact RTO Tennessee LLC d/b/a Rent-A-Center and Edmisten and Webb Law all wrongdoing as alleged in the Adversary Proceeding.

## TERMS OF THE PROPOSED SETTLEMENT

7. After negotiation, and in the interest of avoiding the uncertainties associated with litigation, the parties have agreed to a compromise and settlement of the claim on the terms and conditions set forth herein.

8. The terms of the proposed settlement are as follows:
   a. Impact RTO Tennessee LLC d/b/a Rent-A-Center and Edmisten and Webb Law shall pay to the Gaylors' counsel a total of $2,500.00 to settle any and all claims arising from this adversary proceeding pertaining to Impact RTO Tennessee LLC d/b/a Rent-A-Center and Edmisten and Webb Law only. This represents a pro tanto settlement with Impact RTO Tennessee LLC d/b/a Rent-A-Center and Edmisten and Webb Law.
   b. This amount includes all costs and fees, including but not limited to the Gaylors' attorney's fees;
   c. Pursuant to 11 U.S.C. §362(k)(1), Impact RTO Tennessee LLC d/b/a Rent-A-Center and Edmisten and Webb Law shall pay to the Gaylors' counsel a total of $2,500.00 to settle any and all claims arising from this adversary proceeding pertaining to Impact RTO Tennessee LLC d/b/a Rent-A-Center and Edmisten and Webb Law only. Debtors' Counsel requests to retain $2,000.00 of the

2

settlement representing 13.95 hours for the work performed in the preparation and prosecution of the adversary proceeding at an hourly rate of $350.00. Counsel has worked diligently on this case since October 16, 2019 and will continue to do so until the proceeding closes. Counsel has reduced his fee from $4,882.50 to $2,000.00. Impact RTO Tennessee LLC d/b/a Rent-A-Center and Edmisten and Webb Law shall also pay $250.00 to the Debtors as allowed by their exemptions, and $250.00 to Michele Hatcher, Chapter 13 Trustee to be applied toward the Debtors' bankruptcy estate. Defendants are to disburse funds to all parties within 30 days from the date of this order.

## RELIEF REUQESTED

9. The parties jointly request that this Court approve the settlement that has been reached by all involved parties in which all of the issues in the claim will be resolved. The settlement of this claim is a result of good faith, arm's length negotiations between the respective attorneys for the parties and after a thorough review of the merits of the case.

10. The settlement of the claims in this adversary proceeding meets all applicable legal standards and is well within the range of reasonableness.

11. The approval of a compromise and settlement in a bankruptcy case is within the sound discretion of the court and will not be disturbed or modified on appeal unless approval or disapproval of the settlement is an abuse of discretion. *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-603 (5th Cir. 1980). To properly exercise this discretion, the bankruptcy court must consider whether the compromise proposed "'falls below the lowest point in the range of reasonableness.'" *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs. Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985) (internal citation omitted).

12. The Eleventh Circuit has held a bankruptcy court must consider and evaluate the following factors:

(a) the probability of success in the litigation;

(b) the difficulties, if any to be encountered in the matter of collection;

(c) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending the litigation; and,

3

Case 19-80093-CRJ    Doc 44    Filed 03/17/20    Entered 03/17/20 16:43:55    Desc Main
Document    Page 3 of 7

(d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises. *Wallis v. Justice Oaks II Ltd. (In re Justice Oaks II Ltd.)*, 898 F.2d 1544, 1549 (11th Cir. 1990). When making an evaluation, a court must not rest its approval of the settlement on a resolution of the ultimate factual and legal issues underling the compromised disputes. *Teltronics* at 189. Rather, the court should consider the probable outcome of the litigation, including its advantages and disadvantages, and should make a pragmatic decision based on all equitable factors. *Florida Trailer and Equip. Co. v. Deal*, 284 F.2d 567, 571 (5th Cir. 1960).

13. Federal Rule of Bankruptcy Procedure 9019 provides that, after conducting a hearing on notice to creditors, the bankruptcy court may approve a compromise and settlement. To assure a compromise is proper in a given case, the court must be apprised of the necessary facts for an intelligent, objective, and educated evaluation and compare the "terms of the compromise with the likely rewards of litigation." *Protective Comm. for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-425 (1968).

14. The settlement proposed in this motion clearly meets the standard for approval under Federal Rule of Bankruptcy Procedure 9019 and is in the best interests of the bankruptcy estate. The settlement was reached after thorough analysis of the merits of the Gaylors' claims and the defenses of Impact RTO Tennessee LLC d/b/a Rent-A-Center and Edmisten and Webb Law with regard to the claims asserted in the adversary proceeding.

**WHEREFORE**, the parties ask this Court to enter an order approving the settlement described in this motion.

/s/ John C. Larsen
John C. Larsen
Attorney for the debtors/plaintiffs,
Christopher and Laura Gaylor

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@larsenlaw.com

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing has been served upon all creditors listed on the mailing matrix and all attorneys of record by electronic notice and/or by depositing a copy thereof in the United States Mail, properly addressed and postage prepaid, on this the 17th day of March, 2020.

Wesley Causby
Von G. Memory
Memory Memory & Causby, LLP
Montgomery, AL 36103
wcausby@memorylegal.com

A copy was served electronically on Michelle T. Hatcher, Chapter 13 Trustee, and Richard Blythe, Bankruptcy Administrator, on this the 17th day of March, 2020.

/s/ John C. Larsen

```
Label Matrix for local noticing          Dean's Auto Sales & Title Pawn         State of Alabama, Dept. of Human Resources
1126-8                                   1000 Gault Ave. North                  P.O. Box 13248
Case 19-82701-CRJ13                      Fort Payne, AL 35967-2936              Birmingham, AL 35202-3248
NORTHERN DISTRICT OF ALABAMA
Decatur
Tue Mar 17 16:34:22 CDT 2020

U. S. Bankruptcy Court                   Aaron's Inc                            Aarons, Inc.
400 Well Street                          P.O. Box 102746                        PO Box 100039
P. O. Box 2775                           Atlanta, GA 30368-2746                 Kennesaw, GA 30156-9239
Decatur, AL 35602-2775


Approved Cash                            (p)SOUTHERN MANAGEMENT                 Cash Express
201 Veterans Drive Unit 104              PO BOX 1947                            2605 S. Broad t.
Scottsboro, AL 35768-2168                GREENVILLE SC 29602-1947               Scottsboro, AL 35768



Cash Express                             (p)CASH EXPRESS  LLC                   Check
50466 AL-277                             345 SOUTH JEFFERSON AVENUE SUITE 300   Bankruptcy Division
Bridgeport, AL 35740                     COOKEVILLE TN 38501-3456               Attn: Collections
                                                                                PO Box 550
                                                                                Cleveland, TN 37364-0550


Check into Cash                          Child Support Central Alabama          (p)CHOICE RECOVERY INC
600 Dekalb Plaza Blvd.                   Attn: Bankruptcy                       1550 OLD HENDERSON ROAD
Fort Payne, AL 35967-4873                Po Box 4960                            STE 100
                                         Montgomery, AL 36103-4960              COLUMBUS OH 43220-3662


Dean's Auto Sales & Title                Dean's Auto Sales & Title Pawn         EMERGENCY COVERAGE CORPORATION
1000 Gault Ave. N                        1000 Gault Ave. N.                     WAKEFIELD & ASSOCIATES
Fort Payne, AL 35967-2936                Fort Payne, AL 35967-2936              P.O.BOX 50250
                                                                                KNOXVILLE, TN 37950-0250


ERC/Enhanced Recovery Corp               EvaBank                                FOX COLLECTION CENTER
Attn: Bankruptcy                         1710 Cherokee Ave SW                   C/O RADIOLOGY OF HUNTSVILLE, PC
8014 Bayberry Road                       Cullman, AL 35055-5333                 PO BOX 528
Jacksonville, FL 32256-7412                                                     GOODLETTSVILLE, TN 37070-0528


(p)FARMERS FURNITURE                     Farmers Home Furniture-Scottsboro, AL  Local Finance
ATTN CORPORATE CREDIT DEPT               Attn: Corporate Credit Dept.           242 S. Broad St.
PO BOX 1140                              P.O. Box 1140                          Scottsboro, AL 35768-1731
DUBLIN GA 31040-1140                     Dublin, GA 31040-1140


Lockhart Morris & Montgomery, Inc.       Online Collections                     Pendrick Capital Partners II, LLC
Attn: Bankruptcy                         Attn: Bankruptcy                       Peritus Portfolio Services II, LLC
1401 N Central Expressway,  Ste 225      Po Box 1489                            PO BOX 141419
Richardson, TX 75080-4456                Winterville, NC 28590-1489             IRVING, TX  75014-1419


Rent-A-Center                            Scolopax, LLC                          Skopos Financial LLC
1701 S. Broad St                         C O WEINSTEIN & RILEY, PS              P.O. Box 1640
Scottsboro, AL 35768-2612                2001 WESTERN AVENUE, STE 400           Coppell, TX 75019-1600
                                         SEATTLE, WA 98121-3132
```

| | | |
|---|---|---|
| State of Alabama Department of Revenue<br>50 North Ripley St.<br>Montgomery, AL 36132-0001 | Sun Loan Company<br>201 Veterans Dr Ste 105<br>Scottsboro, AL 35768-2168 | Sun Loan Company<br>Brundage Management Company, Inc.<br>254 Spencer Lane<br>San Antonio, TX 78201-2016 |
| Sunrise Acceptance<br>Attn: Bankruptcy<br>Po Box 2577<br>Cleveland, TN 37320-2577 | Wakefield & Associates<br>Attn: Bankruptcy<br>10800 E Bethany Dr<br>Aurora, CO 80014-2697 | Wakefield & Associates<br>Attn: bankruptcy<br>7005 Middlebrook Pike<br>Knoxville, TN 37909-1156 |
| World Finance<br>201 Veterans Drive<br>Scottsboro, AL 35768-2168 | World Finance Corp. c/o World Acceptance Cor<br>Attn: Bankruptcy Processing Center<br>PO Box 6429<br>Greenville, SC 29606-6429 | Christopher Gaylor<br>98 County Rd. 75<br>Stevenson, AL 35772-5300 |
| John C. Larsen<br>Larsen Law, P.C.<br>1733 Winchester Rd<br>Huntsville, AL 35811-9190 | Laura Gaylor<br>98 County Rd. 75<br>Stevenson, AL 35772-5300 | Michele T. Hatcher<br>Chapter 13 Trustee<br>P.O. Box 2388<br>Decatur, AL 35602-2388 |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| COVINGTON CREDIT AL0034<br>c/o SOUTHERN MANAGEMENT<br>ATTN BK<br>P.O. BOX 1947<br>GREENVILLE, SC 29602 | Cash Express, LLC<br>345 South Jefferson Avenue, Suite 300<br>Cookeville, TN 38501 | Choice Recovery<br>Attn: Bankruptcy<br>1550 Old Henderson Rd, Ste 100<br>Columbus, OH 43220 |
| (d)Covington Credit<br>1527 S Broad St.<br>Scottsboro, AL 35768 | Farmers Home Furniture<br>P.O. Box 1140<br>Dublin, GA 31040 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (d)Aarons. Inc.<br>PO Box 100039<br>Kennesaw, GA 30156-9239 | (d)State of Alabama, Dept. of Human Resources<br>P.O. Box 13248<br>Birmingham, AL 35202-3248 | End of Label Matrix<br>Mailable recipients 41<br>Bypassed recipients 2<br>Total 43 |